# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL NOWACKI | : | CIVIL NO. 3:11-CV-1242(SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| DANNEL MALLOY, ET AL. | : | |
| *Defendants* | : | JANUARY 6, 2012 |

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Plaintiff, Michael Nowacki, has brought this action against 144 individuals, 128 of them state officers or employees, including the Governor of the State of Connecticut, nine members of the Connecticut Legislature, the Connecticut Attorney General, forty-two judges on the Connecticut Superior, Appellate and Supreme Courts and every member of the Connecticut Judicial Review Council, the Rules Committee of Connecticut Superior Court, the Connecticut Advisory Committee on Appellate Rules and the Connecticut Family Commission (collectively the "State Defendants"). The primary purpose of the Complaint is to "initiate a process of injunctive legal estoppels that will ensure that the federal court restore the Plaintiff's legal parenting rights." Compl. p. 51. The Plaintiff seeks both money damages and injunctive relief.

With respect to the State Defendants, the Court should dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(5) because the Plaintiff has failed to effectuate timely service of his complaint pursuant to Federal Rule of Civil Procedure 4(m) on any of the State Defendants in either their official or individual capacities. In fact, as of the filing of this memorandum, none of the State Defendants are aware of any attempts made by the Plaintiff to either serve the Complaint or even to seek waiver of service, to the extent such a

waiver is permitted.  For the above reasons, the State Defendants respectfully request that the Court dismiss the Complaint against all State Defendants.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On August 8, 2011, the Plaintiff filed the present action.  The 103 page Complaint alleges violations of the *First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth* and *Fourteenth Amendments*. All of these alleged violations occurred during various postjudgment proceedings following the dissolution of his marriage in 2005 (the "Dissolution Action").[1]  The Complaint seeks to have a federal court intervene in and reverse state court decisions regarding custody, child-support obligations and other interlocutory rulings made throughout the Dissolution Action.

Included in the list of defendants are 128 state officers and employees as that term is defined in Conn. Gen. Stat. § 4-141.  The Complaint states that all of the State Defendants are being served in both their official and individual capacities.  Although the Complaint was filed on August 8, 2011, as of the filing of this Motion, the Plaintiff has not served any of the State Defendants in either their official or individual capacities.

## II.   STANDARD OF REVIEW

Rule 12(b)(5) of the federal Rules of Civil Procedure permits a defendant to move for dismissal of a complaint for insufficient service of process.  "When a defendant challenges service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'" Deluca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).  In considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of

---

[1]     For further background on the dissolution proceedings, see *Nowacki v. Nowacki*, 129 Conn. App. 157 (2011) and *Nowacki v. Nowacki*, 2010 Conn. Super LEXIS 367 (Feb. 16, 2010), *aff'd without opinion*, 125 Conn. App. 903 (2010).

process, a Court must look to matters outside the complaint to determine whether it has jurisdiction. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

## III.   THE PLAINTIFF HAS FAILED TO SERVE ANY OF THE STATE DEFENDANTS WITHIN 120 DAYS AFTER FILING HIS COMPLAINT

Rule 4(m) of the Federal Rules of Civil Procedure establishes a 120-day time limit for service of a complaint after it is filed.  It provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Second Circuit has explained that, pursuant to Rule 4(m), a court must grant an extension of the 120-day requirement upon a showing that there was "good cause" for the plaintiff's failure to timely serve. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). "A court *may* grant an extension in the absence of good cause, but it is not required to do so." *Id.* (emphasis in original); *Harper v. City of New York*, 424 Fed. Appx. 36, 39 (2d Cir. June 7, 2011) ("in the absence of good cause" court may deny extension).  However, where good cause is absent, the Plaintiff normally should "advance some colorable excuse for neglect" before the court considers extending the time period. *Zapata*, 502 F.3d at 198 & n.7.

"Good cause exists only in 'exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control. [A party's] ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause.'" *Khanukayev v. City of New York*, 2011 U.S. Dist. LEXIS 131625, at *8 (S.D.N.Y. Nov. 15, 2011) (quoting *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)); *Howard*, 977 F. Supp. at 658.   The plaintiff

must have exercised diligence in attempting to serve and the court may consider whether the plaintiff made any requests for extension of time to serve. *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000); *Khanukayev*, 2011 U.S. Dist. LEXIS 131625, at *9.

In this case, there is no good cause. The State Defendants are aware of no attempts on the part of the Plaintiff to serve the Complaint on them in either their official or individual capacities. There is nothing in the docket sheet to indicate that the Plaintiff, who is *not* proceeding *in forma pauperis*, has ever requested that the Clerk issue a summons for any of the defendants. Moreover, the Plaintiff has not requested an extension of time in which to effect service. In fact, there is some indication that the Plaintiff does not intend to proceed with this action.

Since filing this Complaint, the Plaintiff has initiated two additional civil actions against several of the same State Defendants. On November 23, 2011, the Plaintiff filed an "Emergency Petition for a Writ of Mandamus" against nine individuals including State Defendants Chase Rogers, the Chief Justice of the Connecticut Supreme Court, Attorney General George Jepsen, Chief State's Attorney Kevin T. Kane and Joyette Katz, Commissioner of the State Department of Children and Families. *See Nowacki v. Rogers*, 3:11cv1830(SRU). On November 30, 2011, the Plaintiff filed a civil action against the Honorable Robert Malone, another State Defendant. *See Nowacki v. Malone*, 3:11cv1852(SRU). On December 12, 2011, the Plaintiff amended that complaint to add, inter alia, Judge Gary White, also a State Defendant. Upon filing that amended complaint, the Plaintiff emailed the defendants, including Judges Malone and White, informing them that "this federal complaint/lawsuit will replace the one filed on August 8, 2011 and assigned 3:11cv1242(SRU). The original complaint will be withdrawn and replaced with a

dozen complaints which will contain fewer litigant/defendants that tha[n] the August 8, 2011

filing." *See* email from Michael Nowacki dated December 12, 2011 attached as Exhibit 1.  On

January 3, 2012, the Plaintiff forwarded the undersigned an email.  In the original email, the

Plaintiff again stated that "Complaint 3:11-9?-01242 filed on August 8, 2011 will be withdrawn

and replaced by ten or more suits." *See* email from Michael Nowacki dated January 3, 2012

attached as Exhibit 2.  Given those statements, the fact that the Plaintiff has filed two additional

lawsuits against several of the State Defendants, and the failure up to this point to serve any of

the State Defendants, the Court should not provide the Plaintiff with additional time in which to

effect service.

## IV.   CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that the Court

dismiss the Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(5).

THE STATE DEFENDANTS

GEORGE JEPSEN
ATTORNEY GENERAL

By:   _____

Philip Miller
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860) 808-5020
Fax: (860) 808-5347
E-Mail: phil.miller@ct.gov
Federal Bar # ct25056

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 6th day of January, 2011 to:

Michael J. Nowacki
319 Lost District Drive
New Canaan, CT 06840

Philip Miller
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860) 808-5020
Fax: (860) 808-5347
E-Mail: phil.miller@ct.gov
Federal Bar # ct25056

# EXHIBIT 1

**From:** mnowacki@aol.com [mailto:mnowacki@aol.com]
**Sent:** Monday, December 12, 2011 12:12 PM
**To:** kevin.f.collins@kfclegal.com; vreich@balpollock.com; njanes@ctbar.org; Malone, Robert; White, Gary; george.jepsen@ct.gov; "Attorney.General "@ct.gov; bmulcahey@balpollock.com
**Subject:** Federal Amended Complaint 3:11-cv-1852 (SRU) Michael Nowacki v. The Honorable Judge Robert Malone et al

To those named as Defendants/organizations in the above federal complaint.

The following was filed in the U.S. District at 10:41 (am) as an amended complaint to the one filed on November 30, 2011 which named The Honorable Judge Robert Malone as the sole litigant/defendant.

A notice of lawsuit and waiver of service request and a waiver of service form will be sent by registered mail later today.

A stamped address envelope will be included in the documents which requests that you return the ioriginal waiver of service form to me in the self addressed stamped envelope.

If you have any questions, please call Private Attorney General Michael Nowacki at 203-273-4296 (cell).

Thank you for your prompt replies to the waiver of service requirement.

Please be advised this federal complaint/lawsuit replaces the one filed on August 8, 2011 and assigned 3:11-cv-01242 (SRU). The original complaint will be withdrawn and replaced with a dozen complaints which will contain fewer litigant/defendants that the August 8, 2011 filing.


Sincerely,


Michael J. Nowacki
Private Attorney General
State of Connecticut
319 Lost District Drive
New Canaan, Ct. 06840
(203) 273-4296 (cell)
(203) 966-6474

# EXHIBIT 2

**Miller, Phil**

| | |
|---|---|
| **From:** | mnowacki@aol.com |
| **Sent:** | Tuesday, January 03, 2012 10:47 AM |
| **To:** | David.Cohen@po.state.ct.us; david.fein@usdoj.gov; Attorney General; Kane, Kevin T; Boyle, Leonard; Edward Nadriczny; Tom Stadler; Leon Krolikowski; Miller, Phil |
| **Subject:** | Re: Read: Read: Attached Image |

There will be a one day delay (until Jan 4, 2012) in filing the federal lawsuits in order to set forth the proper US marshal service paperwork.

There is lots of paperwork to process so that the first defendant in each suit gets served by marshal and the rest by registered mail, once the case numbers are properly assigned by the US District Court.
------Original Message------
To: David.Cohen@po.state.ct.us
To: david.fein@usdoj.gov
To: Attorney.General@ct.gov
To: Kevin.Kane@po.state.ct.us
To: leonard.boyle@po.state.ct.us
To: Edward Nadriczny
To: Tom Stadler
To: Leon Krolikowski
Subject: Re: Read: Read: Attached Image
Sent: Dec 29, 2011 6:17 PM

Gentleman:

Make sure on Wednesday you leave room in your bags for the US District court lawsuits for Constitutional and Civil rights abuses in the State of Connecticut.

Each of you have failed in an egregious manner to protect citizens to  the enabling of judicial corruption in the State of Connecticut.

This time the Department of Justice in New Haven will receive its own lawsuit for the failure to protect the Constitution of the United States and the refusal to honor the covenants in the State of Connecticut which mandates "in the several states" the Separation of Powers of Government.

The abridgments of CGS 51-14 and the "wanton, neglectful or malicious conduct" of public officials in Ct prohibited by CGS 165  in refusing to prosecute the unlawful conduct of judiciary in circumventing the lawful rights of citizens to legislative hearings since 1969 is evidence which has been provided to each of you and your colleagues.

Not one of you has responded to the evidence of judicial corruption provided to you.

Not even Attorney Leonard Boyle since January 2011has  returned a phone call to you offices.

Therefore, the Constitution and federal laws will be applied to each of you with patriotic duty delivered by a US Marshal for emphasis of the serious allegations for your failure to protect citizens from abuse of the limited authority of the courts.

Tomorrow, all of the political candidates for President who are Republican candidates for President are receiving the evidence you ignored.

Newt Gingrich attacks leveled the judiciary on my good friend Bob Schieffer's Face the Nation program two weeks ago.

Newt delivered a materful expose  on the self empowerment of the federal  judiciary which have eroded the rights of citizens.

The following public agencies funded by taxpayer dollars (including federal dollars) will received their own federal suits:  The Freedom of Information Commission, the Office of State Ethics, the newly created agency of Government Accountability, the Judicial Review Council, the Statewide Bar Counsel, Child Protective Services, the Department of Children and Families and the Connecticut Bar Association.

Each of you will also receive federal complaints for individual and official capacity lawsuits, notice of appearance, and waiver of service of summons by US Marshal  Wednesday or Thursday.

Those not listed on this emai will receive their federal complaints  by registered mail once the federal court assigns case file numbers to the ten additional complaints and an appearance is filed in each case.

For too long, the citizens of the Constitution State have been abused by the lawyers turned legislators who have empowered these judges to acquire powers that circumvented CGS 51-14 and 4-165.

The legal fees and compensation you have received in abusing your public official appointments is a disgrace to this democracy and to your claimed citizenships and the responsibilities of your oaths of office and the Attorney's Oath.

The citizens of the State of Corrupticut have been abused far too long.

We intend to launch a legal revolution not seen since the American revolt against British tyrrany.

We will stand and overcome your attempts to use the Claims Commissioner and sovereign immunity in the same way DCF had to submit to a federal consent decree in 1989,

Twenty two years later, DCF is still under a federal consent decree.

The abuse of Lisa Odierno by the New Canaan Police Department who you failed to prosecute the NCPD  for violating the Town ordinances of New Canaan is an example of your personal unethical conduct.

None of you uphold the law and apply it to those who work in the judiciary or law enforcement in the State of Corrupticut.

We are going to publicize these suits and the evidence to support it on www.no-wackileaks.com.

Complaint 3:11-9?-01242 filed on August 8, 2011 will be withdrawn and replaced by ten or more suits.

The Constitution of the United States is the Supreme Law of United States, not the Connecticut Practice Book and its unlawfui acquisition of powers self annointed.

None of you have an shred of self respect or decency to fight the legal mafia of the State.

Why?

Because you are all cowards and lack the courage to defend the citizens because you are afraid of judicial retaliation that would compromise your own self ordained job security.


The Department of Justice is also being sued in federal court for failure to prosecute judges for their unlawful conduct including the serious allegations of treason against the Constitution of the United States.

Attorney Jespen, you  have a responsibility, as does Attorney Kevin Kane and Attorney Leonard Boyle to prosecute judges for abridgments of CGS 51-14.  What have you done in response to the evidence of judicial corruption?

None of you have the courage to take on corruption of this magnitude.

Only true patriots defend freedom.  Only true cowards defend corruption.

None of you have demonstrated a conscience or an ounce of moral courage.

This citizen isn't afraid of the legal mafia.

Truth is the ultimate defense in federal court to your not so benign neglect of your duties as public officials to defend the governed who actually are subsidizing each of your membership fees in the legal mafia in the State of Connecticut.

Presumably, all of you will be back at work next week to receive the lawsuits being filed In federal court.

Happy New Year.


Michael Nowacki
Private Attorney General



------Original Message------
From: Suzanne Vieux
To: 'mnowacki@aol.com'
Subject: Read: Read: Attached Image
Sent: Dec 29, 2011 4:32 PM

Your message     To:  Suzanne Vieux; Linda.vanek@jud.ct.gov     Subject:  Re: Read: Attached Image     Sent:  12/27/2011 11:12 AM was read on 12/29/2011 2:03 PM.

Sent from my Verizon Wireless BlackBerry

# EXHIBIT 3



ALISTER HARPER, Plaintiff-Appellant, -v- CITY OF NEW YORK, POLICE
OFFICER HELLIESER, 79th Precinct, New York Police Department, POLICE
OFFICER OBIE, 103rd Precinct, New York Police Department, POLICE OFFICER
JOHN C. TAVARAS, 103rd Precinct, New York Police Department, POLICE
OFFICER DAVID LEVY, 107th Precinct, New York Police Department, POLICE
OFFICER ROSA GOMEZ, 103rd Precinct, New York Police Department, POLICE
OFFICER C. HAMLIN, New York Police Department,* Defendants-Appellees.

\* We direct the Clerk of Court to amend the caption as noted.

11-30-cv

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

*424 Fed. Appx. 36; 2011 U.S. App. LEXIS 11495*

June 7, 2011, Decided

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [\*\*1]
Appeal from the United States District Court for the Eastern District of New York (Gleeson, J.).
*Harper v. City of New York, 2010 U.S. Dist. LEXIS 122184 (E.D.N.Y., Nov. 17, 2010)*

**COUNSEL:** Appearing for Appellant: Andrew James Schatkin, Law Offices of Andrew J. Schatkin, Jericho, NY.

Appearing for Appellee: Michael A. Cardozo, Corporation Counsel of the City of New York, Francis F. Caputo, Elizabeth I. Freedman, of counsel, New York, NY.

**JUDGES:** Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

**OPINION**

[\*37] SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff-Appellant Alister Harper ("Harper") appeals from an Order issued by Judge Gleeson of the United States District Court for the Eastern District of New York on November 17, 2010, dismissing Harper's claims against the City of New York pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, and against the six individually named Police Officers pursuant to *Federal Rule of Civil Procedure 4(m)*. Harper now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Harper raises principally three issues: (1) that the district court [\*\*2] erred in dismissing his claims against the City pursuant to *42 U.S.C. § 1983* because he

424 Fed. Appx. 36, *37; 2011 U.S. App. LEXIS 11495, **2

sufficiently alleged that a custom or policy resulted in the deprivation of his constitutional rights; (2) that the district court erred in dismissing Harper's claims regarding the incident that allegedly took place on June 3, 2007, as time-barred by [*38] the three-year limitations period applicable to actions brought pursuant to *42 U.S.C. § 1983*; and (3) that the district court erred in dismissing Harper's claims against the individually named police officers pursuant to *Rule 4(m) of the Federal Rules of Civil Procedure*. Harper also objects to the district court's criticism of Harper's counsel's misconduct as "improper under the law." We address each of these arguments in turn.

We review a district court's grant of a motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6)* de novo, "accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 685 (2d Cir. 2001)*. We affirm such a grant "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his [**3] claim which would entitle him to relief." *Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)* (internal quotation marks omitted). Where, as here, "the complaint involves a civil rights violation . . . the standard is to be applied with particular strictness." *Doe v. City of New York, 15 F.3d 264, 266 (2d Cir. 1994)* (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)* (citing *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. While a complaint need not contain "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555* (internal quotation marks, citations, and alterations omitted).

The district court correctly dismissed Harper's claims against the City pursuant to *Rule 12(b)(6)*. In order to assert a claim against the City under *Section 1983*, a plaintiff must demonstrate that "a government [**4] [], under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell v. Dep't*

*of Soc. Servs. of City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*. Harper must thus show two basic elements: (1) "the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]" and (2) "a causal connection--an 'affirmative link'--between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985)*.

Assuming that Harper has made a colorable claim of a constitutional deprivation by alleging six different instances of "false arrest" and "harassing incidents," to state a claim against the City he must additionally allege facts that would support a finding that the violation of his rights was the result of a policy or a custom undertaken by the City. Harper's complaint only states that "with the condination [sic] and cooperation of the City of New York and the New York City Police Department, and through the New York City Police Department's pattern of illegal and false arrest, without probable cause, through a continuing series of harassing incidents, [**5] false arrests, and false charges lodged against him, without probable cause, [Harper] had his Civil Rights grossly violated." Harper argues that this statement, in conjunction with the specific events he alleges, sufficiently states a claim against the City, and that it is "picayune on the part of the trial court to insist on the specific words custom [*39] or policy when the sum of that concept is clearly stated in this claim against the City of New York." It is not, however, the absence of the words "custom" or "policy" that make Harper's claim fail, but rather that the facts alleged do not amount to a claim against the City under *Section 1983*. Asserting that there exists a pattern of issuing summonses *against Harper* is insufficient to allege the existence of a custom or policy undertaken by the City; Harper does not even provide an indication of what the City's custom or policy to which he was subjected consists of. Indeed, just like the presence of the words "custom" or "policy" is not necessary to make out a successful claim against a municipality under *Section 1983*, the mere presence of the words "pattern" or "cooperation" is insufficient to cure facts that fail to establish a policy [**6] undertaken by the City in violation of a plaintiff's constitutional rights. Accordingly, we affirm the court's dismissal of Harper's claim pursuant to *Rule 12(b)(6)*.

While the district court does not materially rely on its conclusion that the claims in Harper's complaint relating

to the incident on June 3, 2007, were time-barred given that the amended complaint filed either incompletely on June 9, 2010, or completely on June 12, 2010, was past the three year statute of limitations deadline, it was nevertheless correct in so holding. We review a district court's general application of a statute of limitations de novo. *See Somoza v. New York Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008)*. "The statute of limitations for claims brought under *Section 1983* is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009)*. The statute of limitations for a *Section 1983* claim begins to run "when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)* (internal quotation marks omitted). Harper raises no arguments on appeal [**7] that the district court has not already thoroughly addressed below. Accordingly, we affirm the district court's determination that all claims relating to the June 3, 2007 incident are time-barred.

We review a district court's *Rule 4(m)* dismissal for failure to serve process under an abuse of discretion standard. *See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002)*. Under *Rule 4(m) of the Federal Rules of Civil Procedure*:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

We have interpreted the Rule to give courts both the discretion to grant extensions of the period of service even where no good cause has been shown and, in the absence of good cause, to deny such extensions--that is, a court "may grant an extension . . . but it is not required to do so." *Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007)*. Moreover, "[w]here . . . good cause [**8] is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that

the district court weighed the impact that a dismissal or extension would have on the parties." *Id.*

*Rule 4* sets forth the requirements for service of process in a civil suit. *Kurzberg* [*40] *v. Ashcroft, 619 F.3d 176, 183 (2d Cir. 2010)*. In addition to the 120-day deadline, the Rule sets forth what a summons should contain, including that it indicate the name of the court and of the parties, that it be signed by the Clerk, and that it bear the court's seal. *See Fed. R. Civ. P. 4(a)(1)*. The district court below addressed the service of process on each individual defendant.

The district court found that four of the six individually named defendants never received a summons or a copy of the amended complaint, a conclusion that Harper does not challenge on appeal. Even if he had, it would not be meritorious, as the affidavits of service reveal that service of process was never completed for those four defendants. [**9] Instead, Harper argues on appeal, as he did below, that he properly served two of the individual defendants--Officers Levy and Hellieser--and that in a multi-defendant case, service of even one summons on a defendant will suffice. The affidavit of service shows that Officers Levy and Hellieser were in fact served, in satisfaction of the requirements under *Rule 4(e) of the Federal Rules of Civil Procedure*, by following New York state law for serving a summons. However, the summons served on both Levy and Hellieser did not satisfy the requirements of *Fed. R. Civ. P. 4(a)*, which stipulates that a summons must be signed by the Clerk of Court, *id.* at *4(a)(1)(F)*, and that it bear the court's seal, *id.* at *4(a)(1)(G)*. Under *Rule 4(b)*: "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served." *Fed. R. Civ. P. 4(b)*. At oral argument before the district court, counsel for Harper acknowledged that the Clerk of Court never issued summonses for the individual defendants in this case. *Harper v. City of New York, No. 09-CV-5571, 2010 U.S. Dist. LEXIS 122184, 2010 WL 4788016, at *8 n.12 (E.D.N.Y. Nov. 17, 2010)*. [**10] On appeal, Harper does not argue otherwise, and such a claim would be fruitless, as the docket sheet further reveals that the Clerk of Court never issued a summons for Levy or Hellieser, or for any of the other individual defendants. Rather, Harper argues that "the requirement that each summons be signed by the Clerk of the Court and a Seal provided,

424 Fed. Appx. 36, *40; 2011 U.S. App. LEXIS 11495, **10

is not required under the law." He cites to no law in support of this proposition, and this Court is aware of none.

The district court focused in particular on the dismissal of the claim against Officer Hellieser, as dismissal of that claim "would have more serious consequences than the dismissal of Harper's other claims" because dismissal without prejudice under *Rule 4(m)* would result in dismissal with prejudice, as the statute of limitations for that claim had expired. *2010 U.S. Dist. LEXIS 122184, [WL] at *9.* In deciding whether to dismiss the claim against Hellieser, the court properly stated that, while it need not grant an extension, it "must carefully consider the impact" that the dismissal would have on the parties. *Id.* The court explained that it was "acutely aware that behind counsel stands a plaintiff who has alleged a violation of his constitutional rights, [**11] and who will be unable to pursue his claim against Hellieser if it is now dismissed due to counsel's neglect. Nonetheless, in light of counsel's continuous disregard of the procedures that govern this action, I see no justification for extending the time to serve Hellieser." *2010 U.S. Dist. LEXIS 122184, [WL] at *10.* The court continued, enumerating counsel's various failures and errors, which it noted exhibited "a troubling pattern of carelessness," resulting principally in harm to his client's case. *Id.* Those errors included Harper's counsel's failure to allege in his initial complaint [*41] the claims that were the basis of his amended complaint; missing the deadline imposed by the court in submitting the amended complaint; failing to obtain summonses for the added individual defendants; alleging in the amended complaint events that are bizarrely similar to events contained in the initial complaint, albeit with different dates and involving different actors. *Id.* Moreover, the court stated that, when faced with these deficiencies, counsel responded "by trying to substitute his own outrage at the alleged misconduct of the officers for compliance with the basic procedural rules governing his client's case." *Id.*

*Zapata* "leave[s] [**12] to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before

service." *502 F.3d at 198.* The reviewing court in *Zapata* held that "[e]ven assuming the prejudice" to defendants "was slight," plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay," thus finding that the district court did not abuse its discretion in deciding to not grant an extension. *Id. at 199.* Similar to *Zapata,* the facts here do not warrant a finding that the court abused its discretion in dismissing Harper's claim, and we affirm the district court's decision to dismiss the claims against the individual defendants pursuant to *Rule 4(m).* We further note that the claims alleged against all officers except for Officers Gomez and Hellieser are not time-barred by the applicable statute of limitations.

On appeal Harper advances one final argument--that the district court's decision was "improper under the [**13] law" because it discussed "plaintiff's attorney's personal qualities or deficiencies to some extent." Harper misunderstands the import of Judge Gleeson's decision. Rather than amount to personal attacks, the Order's reference to plaintiff's counsel's various deficiencies was, unfortunately, an accurate and impartial recitation of the facts. Counsel repeatedly failed to comply with the basic procedural requirements necessary to properly commence his client's case, resulting in its dismissal. On appeal he has fared no better, presenting misguided arguments to excuse his shortcomings and in the course of doing so, has exhibited some serious misunderstandings of the law.

Accordingly, we refer Harper's counsel, Attorney Andrew J. Schatkin, to this Court's Grievance Panel. *See, e.g., Edmee v. Coxsackie Corr. Facility, No. 09-Civ-3940, 2009 U.S. Dist. LEXIS 95654, 2009 WL 3318790 (E.D.N.Y. Oct. 14, 2009), Fahmy v. Duane Reade, Inc., No. 05-Civ-9479, 2006 U.S. Dist. LEXIS 55728, 2006 WL 2322672, at *5 n.7 (S.D.N.Y. Aug. 8, 2006).*

We have considered all of Harper's arguments on appeal, and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and it is ORDERED that Attorney Andrew J. Schatkin is referred [**14] to this Court's Grievance Panel.



MIKHAIL KHANUKAYEV, Petitioner, -v.- THE CITY OF NEW YORK et al., Defendants.

09 Civ. 6175 (CM)(GWG)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2011 U.S. Dist. LEXIS 131625*

November 15, 2011, Decided

**PRIOR HISTORY:** *Mikhail Khanukayev v. Times Square Alliance, 2011 U.S. Dist. LEXIS 5193 (S.D.N.Y., Jan. 18, 2011)*

**COUNSEL:** [*1] For Mikhail Khanukayev, Plaintiff: Gary P. Field, Gary P. Field, Law Offices of Gary P. Field, Huntington, NY.

For The City of New York, Defendant: Max Oliver McCann, LEAD ATTORNEY, NYC Law Department, Office of the Corporation Counsel (NYC), New York, NY.

**JUDGES:** GABRIEL W. GORENSTEIN, United States Magistrate Judge.

**OPINION BY:** GABRIEL W. GORENSTEIN

**OPINION**

REPORT AND RECOMMENDATION

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mikhail Khanukayev brings suit alleging various constitutional claims against the City of New York and 39 individual police officers based on 44 summonses he received while vending items in Times Square between 2006 and 2008. It is undisputed that none of the individual police officers named as defendants has been served, even though more than two years has elapsed since the filing of the original complaint.

Khanukayev now moves to extend the time for service required by *Rule 4(m) of the Federal Rules of Civil Procedure*. For the reasons stated below, Khanukayev's motion should be denied and the complaint should be dismissed as to the 39 unserved defendants.

I. PROCEDURAL HISTORY

Khanukayev filed his original complaint on July 9, 2009, against the City of New York, 36 named officers [*2] of the New York City Police Department, and 3 "John Doe" police officers. See Complaint, filed July 9, 2009 (Docket # 1). At the time this complaint was filed, Khanukayev was represented by counsel and a separate case was pending that Khanukayev had filed against the City of New York, the Times Square Alliance and the New York City Police Department. See Amended Complaint, filed Sept. 25, 2008 (as Docket # 4 in Khanukayev v. City of New York, 08 Civ. 6832). The two cases were consolidated after the 09 case -- that is, the instant case -- was accepted as related to the 08 case. See Order, filed July 24, 2009 (Docket # 3). The amended complaint in the 08 case did not name any individual police officers and it was later dismissed as to the City of New York and the New York City Police

Department, leaving only the Times Square Alliance as defendant. See Memo Endorsed Report and Recommendation, filed Jan. 5, 2010 (as Docket # 65 in *08 Civ. 6832, 2009 U.S. Dist. LEXIS 122298*). Eventually the Times Square Alliance's motion to dismiss was granted, and the 08 case was dismissed in its entirety. See Memorandum Decision and Order Adopting the Report of the Hon. Gabriel W. Gorenstein, U.S.M.J., as the Opinion of the Court, and [*3] Dismissing Plaintiff's Third Amended Complaint with Prejudice, filed Jan. 18, 2011 (as Docket # 94 in *08 Civ. 6832, 2011 U.S. Dist. LEXIS 5193*).

As for the instant case, no attempt was made to serve the original complaint within 120 days of its filing. 62 days after its filing, Khanukayev's lawyer, David Rankin, was relieved as Khanukayev's counsel and Khanukayev was directed to proceed pro se. See Order, filed Sept. 9, 2009 (Docket # 4). At Khanukayev's request, a stay was instituted as to both the 08 and the 09 cases until November 6, 2009, to allow Khanukayev to obtain new counsel. See Order, filed Oct. 20, 2009 (Docket # 5) ("Oct. 20, 2009 Order"). On November 9, 2009, new counsel, Gary Field, filed a notice of appearance. See Notice of Appearance, filed Nov. 9, 2009 (Docket # 7). At the first conference at which he appeared, Mr. Field recognized that the defendants in the 09 case had not yet been served, see Transcript of Proceeding held on November 9, 2009, filed Nov. 8, 2011 (Docket # 42) at 5, and the Court reminded Mr. Field that "[t]he clock is running under *4(m)*," id. at 13. The remaining 58 days on the *Rule 4(m)* "clock" ran out on January 6, 2010. No service was made or even attempted by that date.

Approximately [*4] three-and-a-half months later, on April 20, 2010, Khanukayev (through Mr. Field) filed an Amended Complaint that named the same 39 officers. See Amended Complaint, filed Apr. 20, 2010 (Docket # 10). The City of New York filed an answer to the amended complaint on May 4, 2010. See Answer, filed May 4, 2010 (Docket # 11). Khanukayev did not file any evidence that any of the 39 police officers were served until 21 affidavits of service were filed almost a year later, on March 22, 2011. These affidavits purported to reflect service on February 1, 2010, May 5, 2010, and May 6, 2010, on some -- though not all -- of the individual police officers who had been named as defendants. See Affidavits of Service, filed Mar. 22, 2011 (Docket ## 14-34). At a conference, Mr. Field noted that he had hired a disbarred attorney working as a process

server and had only recently been able to obtain the affidavits reflecting service, and that he had not even obtained affidavits of service for 16 of the defendants. See Transcript of Proceeding held on March 22, 2011, filed Nov. 8, 2011 (Docket # 43) at 4, 11. The Court noted at that time that even service in February 2010 might have been untimely under *Rule 4(m)*, [*5] and that counsel should move for an extension under *Rule 4(m)* if he thought it advisable. Id. at 10, 12. The Court instructed counsel that for any defendant he thought was properly served, he should move for a default "in the next week or two." Id. at 13. The Court also noted that the affidavits of service seemed to be on their face deficient. Id. at 15-16.

The affidavits of service were in fact deficient. Most obviously, every one of the affidavits stated that the defendant had been served at his or her place of employment. See Docket ## 14-34. But there was no statement in any of the affidavits that a written copy of the served pleading was mailed to the defendant as required under New York law.[1] A number of affidavits also incorrectly reflected that service had been made on a "corporation." See Docket ## 21-33.

> 1 Under New York law, whose rules for service may be used pursuant to *Fed. R. Civ. P. 4(e)(1)*, where service is made by delivery of the summons and complaint to a person of suitable age and discretion at the defendant's "actual place of business," copies of these items must be mailed to the person at his last known residence or at his actual place of business. *N.Y. C.P.L.R. § 308(2)*.

On [*6] June 2, 2011, Mr. Field sought to withdraw as Khanukayev's counsel. See Order, filed June 3, 2011 (Docket # 35). He was relieved as counsel at a hearing held on July 6, 2011. See Transcript of Proceeding held on July 6, 2011, filed Nov. 8, 2011 (Docket # 44) at 5. Defendants pointed out at that time that the complaint and amended complaint had never been properly served on any of the individual defendants and thus that the City of New York was the only defendant in this matter. Id. at 5-7.

The Court thereafter issued a written order directing plaintiff either to (a) move for a default judgment as to any defendant he contended was properly served or (b) move for an extension of time under *Rule 4(m)* as to any defendant he contended had not yet been properly served. See Order, filed Aug. 29, 2011 (Docket # 40). In response to this Order, Khanukayev wrote a letter to the Court

asking that his time to under *Rule 4(m)* be extended. See Order, filed Sept. 19, 2011 (Docket # 41) (Memorandum Endorsement of a letter from Khanukayev dated September 16, 2011 ("Sept. 16, 2011 Letter")) ("Sept. 19, 2011 Order").[2] The Court stated that it would treat Khanukayev's letter as a motion seeking that relief. [*7] See id. On October 3, 2011, the City of New York wrote a letter in opposition to Khanukayev's motion, see Letter from M. McCann to Hon. Gabriel W. Gorenstein, filed Nov. 8, 2011 (Docket # 45), and Khanukayev submitted a letter in reply on October 18, 2011, see Letter from M. Khanukayev to Hon. Gabriel W. Gorenstein, filed Nov. 8, 2011 (Docket # 46) ("Oct. 18, 2011 Letter").

> 2    Khanukayev's letter also sought leave to amend the complaint, but this request had previously been denied. See Sept. 19, 2011 Order.

## II. DISCUSSION

### A. Applicable Law

The Federal Rules of Civil Procedure provide that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Fed. R. Civ. P. 4(m)*. The plaintiff "bears the burden of showing good cause for his failure to serve within the required time." *Morillo v. City of New York, 2003 U.S. Dist. LEXIS 17963, 2003 WL 22319609, at *3 (S.D.N.Y. Oct. 10, 2003)* [*8] (citations omitted).

Good cause exists only in "exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control. An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)*. In addition, "a mistaken belief that service was proper does not constitute good cause." *Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006)* (citation omitted). In considering whether good cause exists, "the court

considers the plaintiff's efforts to effectuate service and the prejudice to the defendant from the delay." *Morillo, 2003 U.S. Dist. LEXIS 17963, 2003 WL 22319609, at *3* (citation omitted). "[T]he court should look to whether the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved . . . for an extension of time in which to serve the defendant." *AIG Managed Market Neutral Fund v. Askin Capital Mgmt. L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)* (citations and internal quotation omitted).

Courts have discretion to allow an extension of time to serve even without good cause. *Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007)*. [*9] In determining whether to grant an extension without good cause, some courts have considered "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999)* (citations omitted). The Second Circuit has suggested that district courts have wide latitude in what procedures to use in determining whether to grant an extension and that a procedure for doing so would be proper "so long as there are indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata, 502 F.3d at 197*. It is left to the district courts "how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Id. at 198*.

### B. Analysis

Khanukayev does [*10] not dispute that the individual police officers were never properly served. Sept. 16, 2011 Letter ¶ 3. He argues that he should be given additional time to serve the individual police defendants because "[i]mproper [s]ervice of some individual defendants and failure to even attempt to serve some other defendants is a direct responsibility of . . . former [c]ounsel." Id. Khanukayev states that he had been attempting to speak with his former attorney about the case only to be ignored. Id. ¶ 5. However, as already

noted, "[a]n attorney's ignorance of the rules, inadvertence, neglect or mistake do not constitute good cause." *Feingold*, 269 F. Supp. 2d at 276.

In the absence of good cause, the Court has discretion to determine whether an extension should be granted. The Court finds that such an extension is not warranted here. The complaint is based on 44 summonses and subsequent court proceedings that began as early as July 8, 2006 and continued through March 5, 2009. See Amended Complaint ¶¶ 13, 188. Yet the complaint was not filed until July 9, 2009 -- the very end of the limitations period for some of the incidents -- and the amended complaint was not filed until April 20, 2010.

Notably, [*11] the 120-day period expired without service with respect to the original complaint -- even excluding the time the case was stayed while plaintiff obtained new counsel -- on January 6, 2010. And the later filing of the amended complaint did not cure this failure because it was not filed until April 20, 2010 -- long after the original 120-day period expired. See *Wilson v. Diocese of N.Y. of Episcopal Church, 1998 U.S. Dist. LEXIS 2051, 1998 WL 82921, at * 9 (S.D.N.Y. Feb. 26, 1998)* ("the filing of an amended complaint does not extend the 120 day period" under *Rule 4(m)*) (citation omitted).

Moreover, even if the 120-day period were to start afresh for the amended complaint, the new 120-day period expired on August 18, 2010. It is undisputed that proper service was not made by that date. Additionally, plaintiff did not even file affidavits of service that would have revealed the lack of proper service until the March 22, 2011 filings, long after the 120-day period expired. Thus, plaintiff's failings -- at a time when he was represented by counsel -- substantially delayed this lawsuit.

The Court is aware that a dismissal without prejudice of the claims against the individual defendants will mean that any newly-filed action [*12] will be time-barred as to many if not all of the incidents alleged in the complaint. Obviously, this results in prejudice to plaintiff. But this result is partially of plaintiff's own doing inasmuch as suit was not instituted until the very end of the limitations period for a number of these incidents. As to prejudice to the defendants, the Court's decision is informed by the fact that the 39 individual police officers, if required to defend this action, will be called upon to recall 44 summonses they issued many

years ago. See, e.g., *Georgiadis v. First Boston Corp.., 167 F.R.D. 24, 25 (S.D.N.Y. 1996)* ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

The *Zapata* held that a court may properly refuse to extend the *Rule 4(m)* period even where it would mean that plaintiff's claims would be time-barred if a new lawsuit were filed. See *502 F.3d at 197*; accord *Carl v. City of Yonkers, 2008 U.S. Dist. LEXIS 102489, 2008 WL 5272722 (S.D.N.Y. Dec. 18, 2008)*. The Carl case made clear that the mere fact that a plaintiff unsuccessfully attempted service is not [*13] sufficient to require a Court to grant an extension of the *Rule 4(m)* period. *2008 U.S. Dist. LEXIS 102489, 2008 WL 5272722, at *7*. In denying the request for an extension, the Carl court noted that the defendants would otherwise be called upon to defend a suit in which the underlying allegations had taken place years in the past. *2008 U.S. Dist. LEXIS 102489, [WL] at *6*. Unlike *Carl*, however, Khanukayev's unsuccessful efforts to effectuate service were hidden from this Court and opposing counsel until affidavits of service were filed almost a year after the filing of the complaint. Plaintiff's counsel was reminded of the *Rule 4(m)* obligation in November 2009. No request for an extension was made until the Court itself raised the issue in July 2011. "[I]n the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata, 502 F.3d at 198*.

Khanukayev suggests that counsel for defendant City of New York should have alerted the Court and himself as to the service issue. See Sept. 16, 2011 Letter ¶ 4; Oct. 18, 2011 Letter at 2. But, as noted, the defects in service were not made apparent until March 22, 2011. Nor is it the role of the Court or an attorney [*14] on the case to alert a represented plaintiff about defects in service. See *Carl, 2008 U.S. Dist. LEXIS 102489, 2008 WL 5272722, at *7* (where plaintiff is represented the Court and defendants have no obligation to take affirmative efforts to protect plaintiff's rights). There is no evidence that either the City or the unserved defendants made any attempt to conceal the defect in service.

The fact that Khanukayev is now appearing pro se has not figured into the Court's analysis because the failings that justify the denial of the *Rule 4(m)* extension

2011 U.S. Dist. LEXIS 131625, *14

all existed as of the date Khanukayev's counsel was relieved in July 2011. In other words, had the application for an extension been made while counsel was still representing Khanukayev, the circumstances would not have justified the Court's exercise of discretion to extend the *Rule 4(m)* period. There is no reason that Khanukayev's later appearance pro se should change the outcome that would have prevailed as of the time he was represented.

III. CONCLUSION

For the foregoing reasons, the motion to extend the time for service (Docket # 41) should be denied and the complaint dismissed without prejudice as to the individual police defendants. The City of New York should remain [*15] as the sole defendant.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to *28 U.S.C. § 636(b)(1)* and *Rule 72(b) of the Federal Rules of Civil Procedure*, the parties have fourteen (14) days including weekends and holidays from

service of this Report and Recommendation to serve and file any objections. See also *Fed. R. Civ. P. 6(a), (b), (d)*. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Colleen McMahon, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge McMahon. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See *Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)*.

Dated: November 15, 2011

New York, New York

GABRIEL W. GORENSTEIN

United States Magistrate Judge